**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID E. BALTZLEY, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | No. |
| vs. | : | |
| | : | ASSIGNED TO: |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY, | : | |
| Defendant | : | JURY TRIAL DEMANDED |

## <u>NOTICE OF REMOVAL</u>

Defendant, State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"), by and through its attorneys, Forry Ullman, hereby files the following Notice of Removal:

1.  A Complaint in the above-captioned civil action was filed in the Court of Common Pleas of Lackawanna County, Pennsylvania, on April 3, 2018, and served upon State Farm by mailing the same to State Farm's counsel, Thomas P. Comerford, Esquire, on April 3, 2018, via United States First Class mail.  The Complaint was docketed as Lackawanna County Court of Common Pleas No. 18 CV 960.  A true and correct copy of the Complaint is attached hereto as Exhibit "A".

2.  The Complaint alleges that Plaintiff, David E. Baltzley is an adult individual and citizen of the Commonwealth of Pennsylvania, who resides at 993 Creamery Road, Montrose, Susquehanna County, Pennsylvania.  <u>Id.</u> at ¶ 1.  It is further believed that Plaintiff remains a citizen of the Commonwealth of Pennsylvania, as of the date of the filing of this Petition for Removal.

3.  The Complaint further alleges that Plaintiff maintained automobile insurance coverage with State Farm, under Policy number 114 6477-E17-38C, which included limited tort

coverage and underinsured motorist benefits ("UIM") in the amount of $50,000.00 per person/$100,000.00 per occurrence, stacked for two vehicles, providing a total of $100,000.00 in UIM coverage, which policy was in effect at all relevant times.  Id. at ¶ 12 and 20 through 21.

4.      Plaintiff contends that on October 4, 2012, Eric Ray Bronson (hereinafter the "tortfeasor") "operated his vehicle in such a negligent, reckless, and careless manner bringing his vehicle into forcible and violent contact with Plaintiff's vehicle, causing Plaintiff to sustain serious and permanent injuries."  Id. at ¶ 9.

5.      Plaintiff further contends that the collision "was caused by the negligent, careless, gross, wanton and reckless conduct of Mr. Bronson."  Id. at ¶ 10.

6.      The Complaint avers that as a direct consequence of the violent collision, Plaintiff:

- "had suffered, yet suffers and will/may suffer for an indefinite time in the future injuries including, but not limited to:  disc herniation at L1-L2, L2-L3, L3-L4, L4-L5 and L5-L6; Retrolisthesis at L3-L4, L4-L5, L5-L6 and L6-S1; L4-L5 L5-L6 decompression and fusion; right foot pain; right hip pain; right shoulder pain; numbness and tingling in his thigh, calf, and right foot; headaches; and shock to his nerves and nervous system, all of which caused him, continue to cause him; and will/may cause him for an indefinite time in the future great pain, agony, and suffering, both physical and mental";

- "has been obliged to expend money for medical services and medical attention, surgery, x-rays, diagnostic studies, medication and other expenses in an effort to treat and cure himself of the injuries sustained in this accident, and he will be

obligated to expend additional sums of money for the same purposes in the future because his injuries are permanent in nature";

- "has sustained the loss of the ability to provide household services, loss of everyday pleasures and enjoyment of life, and will continue to lose everyday pleasures for an indefinite period of time in the future";

- "has experienced the following damages, losses, disabilities consisting of but not limited to the following:

  a. Past, present and future pain and suffering;

  b. Past, present and future emotional distress and mental anguish;

  c. Past, present and future medical expenses;

  d. Past, present and future disfigurement and scarring;

  e. Past, present and future loss of life's pleasures;

  f. Past, present and future loss of earnings and/or loss of earning capacity."

Id. at ¶ 11 and 13 through 16.

7.     The Complaint further avers that the Tortfeasor was insured under a policy of automobile insurance which provided $25,000.00 in liability insurance coverage and that Plaintiff "was paid the policy limit amount of $25,000.00 from Esurance Insurance Company which was woefully insufficient to cover Plaintiff's severe injuries" and that State Farm consented to the settlement with the third-party carrier.  Id. at ¶ 18 and 23.

8.     Plaintiff alleges that on "June 11, 2015, Plaintiff's counsel sent correspondence to State Farm requesting that State Farm open a claim for underinsurance benefits" and that via correspondence dated June 23, 2015, State Farm denied any underinsured claim stating "(o)ur

investigation of (the) accident places majority responsibility on (Plaintiff) for violation of duties at stop signs." Id. at ¶ 25 and 26.

9.      Plaintiff further alleges that on April 26, 2016, he made a demand for the UIM policy limits but State Farm has failed to make a reasonable offer to resolve Plaintiff's UIM claim. Id. at ¶ 27 and 33.

10.      The Complaint contains two counts:  Count I for UIM benefits and/or Breach of Contract; and Count II for Bad Faith pursuant to 42 Pa.C.S. §8371 (in which attorneys fees and punitive damages, among other items, are claimed).

11.      Defendant State Farm is an Illinois corporation in the business of insurance, with its principal place of business located at One State Farm Plaza, Bloomington, Illinois 61710, at the time of the commencement of this action as well as at the time of the filing of this Petition for Removal.

12.      Thus, for purposes of diversity jurisdiction, State Farm is a citizen of the State of Illinois.

13.      State Farm is filing this Notice of Removal in that diversity of citizenship exists between Plaintiff, a citizen of Pennsylvania, and State Farm, a citizen of Illinois.

14.      In addition, the amount in controversy exceeds the jurisdictional amount of $75,000.00 because Plaintiff is demanding UIM Policy limits of $100,000.00 and believes the claim is worth in excess of $125,000.00.  In Count I of the Complaint for UIM Benefits and/or Breach of Contract, Plaintiff demands judgment in his favor in an amount in excess of $50,000.00, together with attorney's fees, punitive damages, interest, costs and such other relief as the Court deems just and proper.  In Count II of the Complaint for Bad Faith, Plaintiff

demands judgement in his favor in an amount in excess of $50,000.00, together with attorney's fees, punitive damages, interest, costs and such other relief as the Court deems just and proper.

15.     Section 8371 provides that a court may award punitive damages, interest, costs and attorney's fees if it determines that an insurer acted in bad faith toward the insured.

16.     Although State Farm vigorously disputes punitive damages are warranted in this matter, punitive damages are properly considered in determining whether the amount in controversy has been satisfied.  Bell v. Preferred Life Assur. Soc. Of Montgomery, Ala., 64 S.Ct. 5 (U.S. Ala. 1943); Henderson v. Nationwide Mutual Ins. Co., 169 F.Supp.2d 365, 368 (E.D.Pa. 2001)(attorney's fees, interest and "punitive damages are included in the amount in controversy if they are available to successful plaintiffs under a statutory cause of action")(*citing* Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)).

17.     Removal is timely under 28 U.S.C. § 1446 (b), because less than thirty (30) days have elapsed since service of the Complaint on State Farm.

18.     State Farm will give written notice of the filing of this Notice to Plaintiff, as required by 28 U.S.C. § 1446 (d).

19.     A copy of this Notice will be filed with the Prothonotary of Lackawanna County, as required by 28 U.S.C. § 1446 (d).

**WHEREFORE,** Defendant, State Farm Mutual Automobile Insurance Company, requests that this action proceed in this Court as a Civil Action properly removed.

Respectfully submitted,

**FORRY ULLMAN**

Dated:  05/07/18                    By:      */s/ Gary A. Drakas*
                                            **GARY A. DRAKAS, ESQUIRE**
                                            *Attorney ID No. 73440*
                                            *Attorney for Defendant*
                                            One Bethlehem Plaza
                                            Broad and New Streets, Suite 400
                                            Bethlehem, PA  18018
                                            610.332-3400 / FAX 610.322.3401
                                            **gdrakas@forryullman.com**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID E. BALTZLEY, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | No. |
| vs. | : | |
| | : | ASSIGNED TO: |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY, | : | |
| Defendant | : | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 7th day of May, 2018, a true and correct copy of State Farm's Notice of Removal was served upon the Plaintiff, by mailing the same to Plaintiff's counsel of record, by First Class United States Mail, postage pre-paid, addressed as follows:

Caroline Munley, Esquire
Munley Law, P.C.
The Forum Plaza
227 Penn Avenue
Scranton, PA 18503

This statement is made subject to the penalties of 18 U.S.C. § 1621, relating to perjury.

**FORRY ULLMAN**

Dated:  05/07/18          By:     */s/ Gary A. Drakas*_____
**GARY A. DRAKAS, ESQUIRE**
*Attorney ID No. 73440*
*Attorney for Defendant*
One Bethlehem Plaza
Broad and New Streets, Suite 400
Bethlehem, PA  18018
610.332-3400 / FAX 610.322.3401
**gdrakas@forryullman.com**