

EXHIBIT

*A*

LAURA R. KELLY
LACKAWANNA COUNTY

2018 APR  3  PM 2:21

CLERK OF JUDICIAL
RECORDS CIVIL DIVISION

Munley Law PC
The Forum Plaza
227 Penn Avenue
Scranton, PA  18503
Tel: 570-346-7401

| | | |
|---|---|---|
| DAVID E. BALTZLEY | : | IN THE COURT OF COMMON PLEAS |
| Plaintiff | : | OF LACKAWANNA COUNTY |
| | : | |
| v. | : | CIVIL ACTION - LAW |
| | : | JURY TRIAL DEMANDED |
| STATE FARM MUTUAL AUTOMOBILE | : | |
| INSURANCE COMPANY | : | |
| Defendant | : | No. 2018-CV-960 |

### NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within 20 days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Northern Pa. Legal Services
507 Linden Street - Suite 300
Scranton, PA  18503-1631
(570) 342-0184

Lawyer Referral Service
Lackawanna Bar Association
338 N. Washington Ave., 3rd Fl.
Scranton, PA  18503-1410
(570) 969-9600

Munley Law PC
The Forum Plaza
227 Penn Avenue
Scranton, PA 18503
Tel: 570-346-7401

MAURI S. KELLY
LACKAWANNA COUNTY

2018 APR  3  PM 2 21

CLERK A. JUDICIAL
RECORDS CIVIL DIVISION

DAVID E. BALTZLEY           :     IN THE COURT OF COMMON PLEAS
        Plaintiff           :     OF LACKAWANNA COUNTY
                            :
        v.                  :     CIVIL ACTION - LAW
                            :     JURY TRIAL DEMANDED
STATE FARM MUTUAL AUTOMOBILE :
INSURANCE COMPANY           :
        Defendant           :     No. 18 CV 960

## COMPLAINT

NOW comes Plaintiff, David E. Baltzley, by and through his undersigned Counsel,

Munley Law, P.C. and avers as follows:

1.      Plaintiff David E. Baltzley (hereinafter "Plaintiff") is, upon information and

belief, an adult and competent individual currently residing at 993 Creamery Road, Montrose,

Pennsylvania.

2.      Defendant State Farm Mutual Automobile Insurance (hereinafter "State Farm") is,

upon information and belief, an insurance company, is a corporation, with a principal place of

business located at One State Farm Drive, Concordville, PA 19339.

3.      It is believed and averred that State Farm supervised, directed and controlled the

activities with respect to the handling of Plaintiff's underinsured motorist claim and formulated

guidelines and policies for handling, adjusting, negotiating and paying claims.

4.      State Farm is a mutual insurance company, licensed to do business within the

Commonwealth of Pennsylvania, and did in fact conduct business, including but not limited to

selling policies, adjusting claims and accepting premiums, and conducting insurance activities in Lackawanna County.

5.     At all times material hereto, State Farm acted, by and through their agents, ostensible agents, servants and employees, acting in the course and scope of their agency and/or employment for whose conduct State Farm is vicariously liable.

6.     The instant lawsuit was initiated by way of the filing of a Summons on February 5, 2018.

7.     This matter arises out of a motor vehicle accident that occurred on October 4, 2012, at approximately 3:00 P.M. on Maple Street at or near its intersection with Cherry Street, in the city of Montrose, Commonwealth of Pennsylvania.

8.     On the above date, Plaintiff was traveling in a northbound direction on Cherry Street in the city of Montrose, Commonwealth of Pennsylvania.

9.     At the same time and place Eric Ray Bronson (hereinafter "Mr. Bronson"), who resides at 993 Creamery Road, Montrose, Pennsylvania, 18801, was traveling in an eastbound direction on Maple Street at or near its intersection with Cherry Street, Montrose, Pennsylvania, when he operated his vehicle in such a negligent, reckless, and careless manner bringing his vehicle into forcible and violent contact with Plaintiff's vehicle, causing Plaintiff to sustain serious and permanent injuries.

10.    The collision described above was caused by the negligent, careless, gross, wanton and reckless conduct of Mr. Bronson, which consisted of the following:

a.     failure to properly observe the roadway;

b.     failure to properly brake his vehicle;

c.     failure to maneuver his vehicle to avoid the collision;

    d.      failure to maintain adequate control of his vehicle;

    e.      failure to take proper evasive action so as to avoid the accident;

    f.      operating his vehicle in a manner and at a speed that was unreasonable and improper under the prevailing conditions and traffic on the roadway;

    g.      failing to operate his vehicle in a safe manner in accordance with the conditions then and there present;

    h.      operating his vehicle without due regard for the rights, safety and position of the Plaintiff lawfully on the roadway;

    i.      operating his vehicle so as to bring it into sudden, forcible contact with Plaintiff's vehicle;

    j.      operating his vehicle at an excessive speed in violation of 75 Pa. C.S.A. §3362;

    k.      failure to bring his vehicle to a stop within the assured clear distance ahead in violation of 75 Pa. C.S.A. §3361;

    l.      failure to warn Plaintiff that he was going to be struck with Defendant's vehicle;

    m.      driving his vehicle inattentively;

    n.      driving his vehicle while being distracted;

    o.      failure to obey the rules of the road, the statute of the Commonwealth of Pennsylvania, and the ordinances of the borough of Montrose in and about operating the vehicle on the highways and roadways of the Commonwealth of Pennsylvania; and

    p.      such other negligence, reckless and/or gross, wanton and/or willful conduct as may be discovered during discovery under the Pennsylvania Rules of Civil Procedure.

    11.      This was a violent collision causing Plaintiff to sustain severe and permanent physical injuries.

    12.      Plaintiff had selected the limited tort option in his automobile insurance policy which was underwritten and issued by Defendant State Farm. *See* a true and correct copy of the Certified Policy attached hereto at "Exhibit A."

13. As a direct consequence of the collision, Plaintiff has suffered, yet suffers and will/may suffer for an indefinite time in the future injuries including, but not limited to: disc herniation at L1-L2, L2-L3, L3-L4, L4-L5 and L5-L6; Retrolisthesis at L3-L4, L4-L5, L5-L6 and L6-S1; L4-L5, L5-L6 decompression and fusion; right foot pain; right hip pain; right shoulder pain; numbness and tingling in his thigh, calf, and right foot; headaches; and shock to his nerves and nervous system, all of which caused him, continue to cause him; and will/may cause him for an indefinite time in the future great pain, agony, and suffering, both physical and mental.

14. Plaintiff has been obliged to expend money for medical services and medical attention, surgery, x-rays, diagnostic studies, medication and other expenses in an effort to treat and cure himself of the injuries sustained in this accident, and he will be obligated to expend additional sums of money for the same purposes in the future because his injuries are permanent in nature.

15. As a result of his injuries, Plaintiff has sustained the loss of the ability to provide household services, loss of everyday pleasures and enjoyment of life, and will continue to lose everyday pleasures for an indefinite period of time in the future.

16. As a result of the incident described above, Plaintiff has experienced the following damages, losses, disabilities consisting of but not limited to the following:

a. Past, present and future pain and suffering;

b. Past, present and future emotional distress and mental anguish;

c. Past, present and future medical expenses;

d. Past, present and future disfigurement and scarring;

e. Past, present and future loss of life's pleasures;

f.    Past, present and future loss of earnings and/or loss of earning capacity.

17.    Mr. Bronson was insured through Esurance Insurance Company and maintained only a $25,000.00 limit of liability.

18.    Mr. Bronson's insurance company offered the policy limits of $25,000.00. With consent of State Farm, Plaintiff executed an appropriate Release and was paid the policy limit amount of $25,000.00 from Esurance Insurance Company which was woefully insufficient to cover Plaintiff's severe injuries. Apparently, there was no dispute about the liability of Mr. Bronson.

19.    Plaintiff was operating and was an occupant of his own covered automobile at the time of this collision. Plaintiff was not, in any way, negligent. The injuries to Plaintiff arose directly out of the maintenance and use of his own automobile, which was involved in the collision with Mr. Bronson, who was casually negligent in bringing about the aforesaid collision of October 4, 2012.

20.    At all times pertinent hereto, State Farm, by its agents, servants or employees, sold to or provided an automobile policy of insurance to Plaintiff under policy number 114 6477-E17-38C, which was effective for the time period of 05/17/12 to 11/17/12 and provided for underinsured motorist benefits in the amount of $50,000.00 per person/$100,000.00 per occurrence stacked. *See* the certified policy attached hereto at "Exhibit A."

21.    On October 4, 2012, the date of this accident, Plaintiff had underinsured motorist coverage, which was stacked, for two (2) vehicles, a 2006 Pontiac Grand Prix and a 1993 AM General, each of which had UIM stacked coverage of $50,000.00 per person/$100,000.00 per occurrence. Therefore, Defendant State Farm provided a total of $100,000.00 in UIM coverage to Plaintiff for the automobile collision. *Id.*

22.    At page twenty-four (24) of "Exhibit A," the auto policy provided by Defendant State Farm, it was provided as follows:

> We will pay compensatory damages for bodily injury an insured is legally entitled to recover from the owner or driver of an underinsured motor vehicle. The bodily injury must be:
>
>    1.    sustained by an insured; and
>
>    2.    caused by an accident that involves the ownership, maintenance, or use of an underinsured motor vehicle as a motor vehicle.

23.    At all times, Plaintiff complied with each and every term and provision of the policy provided by Defendant State Farm. All of the premiums were paid. The insuring agreement was in full force and effect. The loss, which is the subject of this lawsuit, was not excluded under the policy. The vehicle driven by the tortfeasor which only had Twenty-Five Thousand Dollars ($25,000.00) worth of insurance, which was immediately tendered to Plaintiff was an underinsured motor vehicle. Plaintiff did notify Defendant State Farm of his intent to settle with the tortfeasor and received the consent of Defendant State Farm.

24.    On June 4, 2015, Plaintiff's counsel sent correspondence to State Farm requesting a certified copy of Plaintiff's automobile policy, a copy of the PIP payout log and all applicable waivers, along with any statements, photographs, and property damage estimates.

25.    On June 11, 2015, Plaintiff's counsel sent correspondence to State Farm requesting that State Farm open a claim for underinsurance benefits. In that same correspondence, Defendant State Farm's consent to settle with the third-party carrier, Esurance, was requested.

26.    On June 23, 2015, Perry S. Morgan of State Farm sent Plaintiff's counsel correspondence that the underlying underinsured claim was reassigned to him for handling. The correspondence further denied any underinsured claim stating "[o]ur investigation of [the]

accident places majority responsibility on [Plaintiff] for violation of duties at stop signs." *See* a true and correct copy of the correspondence attached hereto at "Exhibit B."

27.    On January 21, 2016, Plaintiff's counsel sent correspondence to Defendant State Farm requesting any and all waivers signed by Plaintiff as well as his election of limited tort. Plaintiff's counsel further requested that Defendant State Farm advise whether Plaintiff has selected stacking on his auto policy.

27.    On April 26, 2016  Plaintiff made a demand for the UIM Policy Limits.

28.    On February 22, 2016, Defendant State Farm sent Plaintiff's counsel correspondence along with Plaintiff's tort forms and underinsured sign down forms. Defendant State Farm's correspondence further stated that Plaintiff carried the stacking option.

29.    On April 29, 2016, Plaintiff's counsel sent Defendant State Farm correspondence informing Defendant State Farm that Plaintiff received a settlement offer of $25,000 (policy limits) from the third-party carrier and requested that Defendant State Farm waive its subrogation rights and grant consent to settle the claim. Defendant State Farm gave its consent to settle.

30.    On February 5, 2018, Plaintiff's counsel again made a policy limits demand against Defendant State Farm, and indicated to Defendant State Farm that Plaintiff's claim is worth in excess of $125,000.00 and would extend the full UIM benefits at this time.

31.    On that same date, Plaintiff filed a Praecipe for Writ of Summons.

32.    On March 15, 2018, Defendant State Farm filed a Praecipe and Rule to file a Complaint.

33.    Since June 11, 2015 to the time of the filing of this action, Defendant State Farm has failed to make a reasonable offer to resolve Plaintiff's UIM claim. All of the relevant

medical information, and other information regarding the circumstances of the automobile collision and the insurance coverage available to the tortfeasor had been made known to Defendant State Farm by Plaintiff.

34.    Defense counsel scheduled a deposition of Plaintiff for April 12, 2018.

## COUNT ONE
### Claims for UIM Benefits and/or Breach of Contract
### David E. Baltzley v. State Farm Mutual Automobile Insurance

35.    Plaintiff incorporates by reference all of the allegations contained in this Complaint as if the same were fully set forth at length herein.

36.    Plaintiff has fully complied with all terms, conditions and duties required under the auto insurance policy that Plaintiff had with Defendant State Farm.

37.    Defendant State Farm has failed to objectively and fairly evaluate Plaintiff's claim as set forth above, and has failed to investigate the claims of Plaintiff.

38.    Defendant State Farm has failed to promptly offer payment of the reasonable and fair value of the claim to the Plaintiff.

39.    Defendant State Farm has willfully failed to investigate Plaintiff's claims because a thorough and proper inquiry would have revealed that the Plaintiff had sustained serious injuries to his lumbar spine which required L4-5, L5-6 decompressive laminectomies, bilateral foraminotomies, partial factectomies with posterolateral/transverse process fusion utilizing bone marrow aspirate harvested in the left posterior superior iliac crest supplemented with demineralized bone matrix and autologous laminectomy bone, with placement of titanium Expeium pedicle screw/rod instrumentation at L4, L5 and L6, all of which will cause him to be permanently disabled and require surgery in the future, giving the claim a value in excess of tortfeasor's policy limits.

40.   As the occupant in a vehicle insured by Defendant State Farm, Plaintiff is owed, by Defendant State Farm, a fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate the Underinsured Motorist claim of Plaintiff in good faith and to arrive at a prompt, fair and equitable settlement.

41.   Defendant State Farm is legally obligated, both by the terms and conditions of its insurance policy, and by the laws and statutes of the Commonwealth of Pennsylvania to pay the UIM claim of the Plaintiff, but Defendant State Farm has failed to do so, and, therefore, has violated its obligations under the policy of insurance for UIM coverage, which is subject to the statutes that mandate that Defendant State Farm pay such UIM claims in a prompt and timely manner.

42.   The foregoing conduct by Defendant State Farm constitutes a breach of the contract of insurance with the Plaintiff by failing to honor the applicable coverage under the policy as required under Pennsylvania statutes and the applicable case law and denying and/or delaying Plaintiff's claims submitted under the policy as described at length above.

43.   The foregoing conduct by Defendant State Farm also constitutes a breach of the policies implied covenant of good faith and fair dealing as well as a material breach of contract.

WHEREFORE, Plaintiff David E. Baltzley demands judgment in his favor and against State Farm Mutual Automobile Insurance in an amount in excess of $50,000.00 together with attorney's fees, punitive damages, interest, costs and such other relief as the Court deems just and proper.

## COUNT TWO
Bad Faith – 42 Pa.C.S. §8371
David E. Baltzley v. State Farm Automobile Insurance

44.     Plaintiff incorporates by reference all of the allegations contained in this

Complaint as if the same were fully set forth at length herein.

45.     The actions and conduct of Defendant State Farm in the handling of the claims of

Plaintiff for underinsured motorist benefits constitutes bad faith in violation of 42 Pa. C.S. §8371

as follows:

a.     By failing to objectively and fairly evaluate the claim of Plaintiff;

b.     By failing to objectively and fairly re-evaluate Plaintiff's claim based upon updated and/or new information;

c.     By engaging in dilatory and abusive claims handling;

d.     By failing to adopt and/or implement reasonable standards in evaluating the claims of Plaintiff;

e.     By acting unreasonably and unfairly in response to Plaintiff's claims;

f.     By not attempting, in good faith, to effectuate a fair, prompt and equitable settlement of the claims of Plaintiff in which Defendant State Farm's liability under the policy has become reasonably clear;

g.     By failing to promptly offer reasonable payment to the Plaintiff;

h.     By failing to reasonably and adequately investigate the claims of the Plaintiff in a timely manner;

i.     By failing to reasonably and adequately review the medical documentation in the possession of Defendant State Farm;

j.     By violating any and all fiduciary duties owed by Defendant State Farm to the Plaintiff;

k.     By acting unreasonably and unfairly by delaying payments that were due to the Plaintiff;

l.     By acting unreasonably and unfairly by withholding underinsured motorist benefits justly due and owing to the Plaintiff;

m.   By failing to make honest, intelligent and objective settlement offers;

n.   By causing Plaintiff to expend money on the presentation of his claim;

o.   By causing Plaintiff to bear the stress and anxiety associated with the filing of the instant litigation.

46.   Defendant State Farm, as an insurer licensed to provide automobile insurance within the Commonwealth of Pennsylvania, has a fiduciary, contractual and statutory obligation to act in good faith and resolve claims for those insureds as Plaintiff.

47.   At all relevant times, Plaintiff has fully complied with the terms and conditions of the policy and all conditions precedent and subsequent to his right to recover under the policy.

48.   On or about February 7, 1990, the Governor of Pennsylvania signed into law 42 P.S. §8371, effective July 1, 1990 entitled "ACTIONS ON INSURNACE POLICIES" which provides a private cause of action for bad faith against insurance companies as follows:

> "In an action arising under an insurance policy in the Court finds that an insurer has acted in bad faith toward the insured, the Court may take all of the following actions:
>
> 1.   award interest on the amount of the claims when the basic claim was made by the insured in an amount equal to the prime rate of interest plus three percent
>
> 2.   award punitive damages against the insurer;
>
> 3.   assess costs and attorneys fees against the insurer."

49.   By virtue of the conduct as alleged herein, Defendant State Farm knew or should have known that it lacked a reasonable basis to contest Plaintiff's UIM claim and persisting in the course of conduct designed to deny and/or delay Plaintiff's entitlement to such benefits. As a result of Defendant State Farm's bad faith conduct and actions, Plaintiff is entitled to recover interest on all benefits unpaid and/or delayed; punitive damages against Defendant State Farm; reasonable counsel fees and costs incurred by Plaintiff in prosecuting this action. Moreover,

Defendant State Farm delayed the payment of the underlying policy limits when it knew or should have known that Plaintiff required said fund immediately, as set forth in this Complaint.

50.     By virtue of the foregoing conduct, as outlined at length above, Defendant State Farm knew or should have known it lacked a reasonable basis to contest Plaintiff's UIM benefits claims and persisted in the course of conduct designed to deny and/or delay Plaintiff's entitlement to UIM benefits as a result of Defendant State Farm's bad faith conduct and actions, Plaintiff is entitled to recover interests on underinsured benefits, punitive damages against Defendant State Farm, reasonable counsel fees and costs incurred by Plaintiff in prosecuting this action.

51.     For the reasons set forth above, Defendant State Farm has violated its policy of insurance, its obligations an insurer, has failed to act toward Plaintiff in good faith, and has violated 42 Pa.C.S.A. §8371 for which Defendant State Farm is liable for compensatory and punitive damages together with interest, attorney fees and such relief as the Court deems necessary and appropriate.

52.     Defendant State Farm has engaged in wanton and reckless conduct with regard to the welfare, interests and rights of Plaintiff and is liable for such bad faith conduct.

WHEREFORE, Plaintiff David E. Baltzley demands judgment in his favor and against State Farm Mutual Automobile Insurance in an amount in excess of $50,000.00 together with attorney's fees, punitive damages, interest, costs and such other relief as the Court deems just and proper.

MUNLEY LAW, P.C.

By: _____
          Caroline Munley

## VERIFICATION

I hereby depose and state that I am the Plaintiff in the above-captioned action, and that the statements in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that this statement is made subject to the penalties of 18 Pa.C.S. Sec. 4904, relating to unsworn falsification to authorities.

David E. Baltzley